SHULTZ
*vs.*
HIS CREDITORS.

## SHULTZ *vs.* HIS CREDITORS.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF
NEW-ORLEANS.

A debtor who is arrested and gives bail, is not considered in *actual custody*, so as to entitle him to the benefit of the act of 1808, for the relief of insolvent debtors, in actual custody.

The plaintiff filed his petition and schedule and alleged he had been arrested and held to bail by some of his creditors, and others were disposed to oppress him; he prayed to be allowed the benefit of the laws, relative to insolvent debtors in actual custody; that a meeting of his creditors in open court, be called to deliberate on his affairs, and that he obtain a discharge on making a surrender of his property.

A meeting of creditors was ordered accordingly, to take place in open court, on the 27th August, 1834.

On the 9th December, 1834, one of the creditors took a rule on the debtor, to show cause, why the surrender and order staying proceedings against him should not be quashed and set aside, on the following grounds:

1. That said proceedings are irregular on their face.

2. The insolvent debtor was not in prison or actual custody, at the time said order was made.

3. That he absconded without complying with said order.

The parish judge on hearing arguments of counsel was of opinion, that the debtor having been arrested at the suit of a creditor and given bail, with bond conditioned that he shall not depart from the state, without leave of the court, cannot be considered in actual custody, &c. Judgment was rendered, avoiding and annulling the proceedings as irregular and informal. The insolvent debtor appealed.

*McMillen,* for the plaintiff, contended, that when a debtor was arrested and held to bail, he was entitled to the benefit

of the act, relative to insolvent debtors in *actual custody.* If he is not entitled to it, he is without relief. He cannot claim the benefit of the act, relating to the voluntary surrender of property. 2 *Martin, N. S.,* 150.

2. The opposition of the creditors in this case, was informally and illegally made ; an action of nullity, should have been commenced.

*Conrad, contra.*

The moment Shultz was discharged from arrest on giving bail, he ceased to be in *actual custody ;* and any surrender of his property, should have been in the form of a voluntary one. See *Law of* 1808, *sections* 1, 2 *and* 4. 1 *Moreau's Digest,* 567.

2. This court decided very lately, *Hudson vs. Perry et al.,* *ante,* 121, that a debtor released on giving bail was no longer in the custody of the sheriff.

*Bullard, J.,* delivered the opinion of the court.

The appellant having been arrested at the suit of Hefford & Sorgenfrey, gave bail to the sheriff, and thereupon applied by petition to the parish court, for the benefit of the act of 1808, entitled " an act for the relief of insolvent debtors in actual custody," &c. The judge granted an order for the meeting of the creditors in open court, and directed further proceedings to be stayed. The creditors, at whose suit the appellant had been arrested, then took a rule on him, to show cause, why the surrender made by him, and the order staying proceedings, should not be quashed and set aside, on the following, among other grounds :

1. That said proceedings are irregular on their face.

2. That the said Shultz was not in prison or actual custody at the time said order was given.

The order was rescinded and all the proceedings set aside by the court, and the debtor appealed.

The act of 1808, under which the proceedings in this case were commenced, was made for the benefit, only of debtors

A debtor who
is arrested and
gives bail, is not
considered in *ac-
tual custody,* so
as to entitle him
to the benefit of
the act of 1808,
for the relief of
insolvent debtors
in actual custo-
dy.

in actual custody. The only inquiry therefore, is whether the debtor was in actual custody, at the time the application was made. We are of opinion that he was not. In the case of *Brainard* vs. *Francis.* 2 *Martin, N. S.,* 150., relied on by the appellant, the debtor had been arrested on a *ca. sa.* and had given bond for the prison bounds. He was considered still in actual custody, although the bounds of his prison had been enlarged. But in the present case the debtor taken by virtue of an order of arrest, had been released by the sheriff on giving bond with security not to depart from the state without leave of the court. After his release he could not be said to be in *actual* custody, in any sense of the word. His security could not arrest him, without obtaining an order from the court, and even if he had departed from the state, the surety might discharge himself by surrendering him in execution. See case of *Hudson* vs. *Perry et al., ante,* 121.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.